## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EAGLE PHARMACEUTICALS, INC.,

Plaintiff,

v.

CELERITY PHARMACEUTICALS, LLC,

Defendant.

C.A. No. _____

## COMPLAINT

Plaintiff Eagle Pharmaceuticals, Inc. ("Eagle"), by its attorneys, for its Complaint, alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission of New Drug Application ("NDA") No. 216078 by Celerity Pharmaceuticals, LLC ("Celerity") to the United States Food and Drug Administration ("FDA") that includes a certification under 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV Certification") that Celerity is requesting approval from FDA of its NDA to manufacture and sell its proposed product, which NDA relies on data from bioavailability and/or bioequivalence studies contained in Eagle's FDA-approved NDA No. 205580 for BELRAPZO®, 100 mg/4 mL (25 mg/mL) Bendamustine Hydrochloride Injection product, prior to the expiration of Eagle's U.S. Patent No. 11,103,483 ("the '483 patent" or "the Patent-in-Suit").

## PARTIES

2.      Plaintiff Eagle is a corporation organized and existing under the laws of Delaware, with its corporate offices and principal place of business at 50 Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

3. On information and belief, Defendant Celerity is a company organized and existing under the laws of Delaware, with its principal place of business at 9450 West Bryn Mawr Avenue, Suite 640, Rosemont, Illinois 60018.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because Celerity is incorporated in Delaware and therefore resides in Delaware for purposes of venue.

6. This Court has personal jurisdiction over Celerity because, on information and belief, Celerity is a company organized and existing under the laws of Delaware and maintains a registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Court has personal jurisdiction over Celerity for additional reasons that will be presented to the Court if such jurisdiction is challenged.

7. For at least the above reasons, it would not be unfair or unreasonable for Celerity to litigate this action in this District, and there is personal jurisdiction over Celerity for purposes of this action.

## BACKGROUND

8. BELRAPZO®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as for the treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

9. Eagle is the holder of NDA No. 205580 for BELRAPZO®, which NDA has been approved by the FDA.

2

10.    The '483 patent, entitled "Formulations of Bendamustine" (Exhibit A hereto), was duly and legally issued on August 31, 2021.  Eagle is the owner and assignee of the '483 patent.  The '483 patent is listed in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, also known as the "Orange Book," in connection with BELRAPZO®.

## INFRINGEMENT BY CELERITY

11.    By letter dated December 2, 2021 ("Celerity Detailed Statement"), Celerity notified Eagle pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that Celerity had submitted to the FDA NDA No. 216078 under Section 505(b)(2) of the FDCA, seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of a Bendamustine Hydrochloride Injection product, 100 mg/4 mL (25 mg/mL) in a multi-dose vial ("Celerity's NDA Product") prior to the expiration of the '483 patent.  The Celerity Detailed Statement purported to include the information required by statute – to wit, a "detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."   21 U.S.C. § 355(b)(3)(D)(ii).

12.    On information and belief, Celerity's NDA relies on data from bioavailability and/or bioequivalence studies contained in the approved NDA and/or labeling for BELRAPZO®.  BELRAPZO® is approved for a 24-month shelf life.  The Celerity Detailed Statement does not identify any difference in stability between Celerity's NDA Product and BELRAPZO® and, on information and belief, Celerity's NDA Product has the same or substantially similar stability as BELRAPZO® and as recited in the claims of the '483 patent.

13.    BELRAPZO® is an embodiment of the claims of the '483 patent.  BELRAPZO® is a ready to use liquid bendamustine-containing composition comprising 25 mg/mL bendamustine hydrochloride, polyethylene glycol, and a stabilizing amount of an antioxidant, monothioglycerol.

ME1 39138059v.1

BELRAPZO® has less than about 5% peak area response of total impurities resulting from the degradation of the bendamustine, as determined by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.

14.    Pursuant to 35 U.S.C. § 271(e)(2), "[i]t shall be an act of infringement to submit—

(A)  an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent . . . ."

15.    The Celerity Detailed Statement represents that Celerity submitted NDA No. 216078 listing BELRAPZO® as the Reference Listed Drug and that Celerity submitted a Paragraph IV Certification seeking to obtain approval under Section 505(b)(2) of the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Celerity's NDA Product prior to the expiration of the '483 patent.

16.    In the Celerity Detailed Statement, Celerity stated that the active ingredient of Celerity's NDA Product is bendamustine hydrochloride.

17.    In the Celerity Detailed Statement, Celerity stated that the proposed dosage strength of Celerity's NDA Product is 100 mg/4 mL (25 mg/mL).

18.    On information and belief, Celerity's NDA Product contains polyethylene glycol, and a stabilizing amount of an antioxidant.  The Celerity Detailed Statement does not dispute that Celerity's NDA Product contains polyethylene glycol or a stabilizing amount of an antioxidant.

19.    On information and belief, Celerity's NDA Product is a ready to use liquid bendamustine-containing composition.  The Celerity Detailed Statement states that Celerity's NDA Product is a liquid bendamustine product.

20.    On information and belief, Celerity's NDA Product has less than about 5% peak area response of total impurities resulting from the degradation of the bendamustine, as determined

4

by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.  The Celerity Detailed Statement does not dispute that Celerity's NDA Product has less than about 5% peak area response of total impurities resulting from the degradation of the bendamustine, as determined by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.

**COUNT I – INFRINGEMENT BY CELERITY OF U.S. PATENT**
**NO. 11,103,483 UNDER 35 U.S.C. § 271(e)(2)**

21.      Eagle incorporates each of the preceding paragraphs as if fully set forth herein.

22.      Celerity's submission of NDA No. 216078 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Celerity's NDA Product prior to the expiration of the '483 patent, was an act of infringement of the '483 patent under 35 U.S.C. § 271(e)(2)(A).

23.      On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Celerity's NDA Product would infringe one or more claims of the '483 patent, including but not limited to claim 1, either literally and/or under the doctrine of equivalents.

24.      On information and belief, Celerity will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Celerity's NDA Product with its proposed labeling upon FDA approval of NDA No. 216078.

25.      On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Celerity's NDA Product in accordance with and as directed by Celerity's proposed labeling for that product would infringe one or more claims of the '483 patent, including but not limited to claim 1.

5

26.     On information and belief, Celerity knows that its NDA Product and its proposed labeling are especially made or adapted for use in infringing the '483 patent, and that its NDA Product and its proposed labeling are not suitable for substantial noninfringing use.   On information and belief, Celerity plans and intends to, and will, induce and/or contribute to infringement of the '483 patent if it obtains FDA approval for NDA No. 216078 with its proposed labeling.

27.     On information and belief, Celerity has acted with full knowledge of the '483 patent and/or the application leading to the '483 patent, Application No. 16/509,920, and without a reasonable basis for believing that it would not be liable for infringing the '483 patent, actively inducing infringement of the '483 patent, and/or contributing to the infringement by others of the '483 patent.

28.     Unless Celerity is enjoined from infringing the '483 patent, actively inducing infringement of the '483 patent, and/or contributing to the infringement by others of the '483 patent, Eagle will suffer irreparable injury. Eagle has no adequate remedy at law.

WHEREFORE, Eagle requests the following relief:

(a)     A judgment that Celerity has infringed, will infringe, and will induce and contribute to infringement of the '483 patent;

(b)     A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Celerity to make, use, offer for sale, sell, market, distribute, or import Celerity's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, be not earlier than the

6

expiration date of the '483 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining Celerity from making, using, selling, offering for sale, marketing, distributing, or importing Celerity's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '483 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(e)    An award of Eagle's costs and expenses in this action; and

(f)    Such further and other relief as this Court may deem just and proper.

7

Dated:  January 11, 2022

OF COUNSEL:

Daniel G. Brown
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

MCCARTER & ENGLISH, LLP


/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Eagle Pharmaceuticals, Inc.*

8

ME1 39138059v.1